1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARKKIS PORSCHE SONIER,                No.  2:24-cv-02511 SCR P

12              Plaintiff,

13        v.                                 ORDER

14    M. SINGH, et al.,

15              Defendants.

16

17        Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action

18    under 42 U.S.C. § 1983.  Plaintiff's complaint is before the undersigned for screening under 28

19    U.S.C. § 1915A.  (ECF No. 1.)  For the reasons set forth below, the undersigned finds that the

20    complaint states a cognizable Eighth Amendment excessive force claim against defendant Singh

21    and a cognizable Eighth Amendment sexual harassment claims against defendants Singh and

22    Mendoza, but no other cognizable claims.  Plaintiff will be given the option of proceeding on the

23    complaint as screened or filing an amended complaint.

24                            **IN FORMA PAUPERIS**

25        Plaintiff has requested leave to proceed without paying the full filing fee for this action,

26    under 28 U.S.C. § 1915.  (ECF No. 2.)  He has submitted a declaration showing that he cannot

27    afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

28    proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00

1  filing fee in monthly installments that are taken from the inmate's trust account rather than in one

2  lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial

3  partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order

4  directed to CDCR requires monthly payments of twenty percent of the prior month's income to be

5  taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid

6  in full.  See 28 U.S.C. § 1915(b)(2).

7  **STATUTORY SCREENING**

8  The court is required to screen complaints brought by prisoners seeking relief against "a

9  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

10  performing this screening function, the court must dismiss any claim that "(1) is frivolous,

11  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

12  from a defendant who is immune from such relief."  Id. § 1915A(b).   A claim is legally frivolous

13  when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

14  (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

15  legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

16  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

17  factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

18  In order to avoid dismissal for failure to state a claim a complaint must contain more than

19  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

20  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

23  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

24  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

25  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

26  considering whether a complaint states a claim, the court must accept the allegations as true,

27  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

28  favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

1          **PLAINTIFF'S COMPLAINT**

2          The facts underlying the complaint occurred while plaintiff was incarcerated at the

3    California Medical Facility ("CMF").  (ECF No. 1.)  The complaint names four defendants: (1)

4    M. Singh, Correctional Officer; (2) M. Mendoza, Correctional Officer; (3) D. Cueva, Warden;

5    and (4) Field Executive Review Committee ("FERC").  (Id.)

6          Plaintiff alleges he was sitting in his cell when defendant Singh came in with a shield and

7    told him to "get the fuck down."  (ECF No. 1 at 3.)  Plaintiff was already down but Singh

8    smacked him in the right side of his face with the corner of the shield.  Defendants Singh and

9    Mendoza then put plaintiff in handcuffs.  (Id.)  During the RVR hearing, Singh lied and told the

10   presiding Lieutenant that plaintiff headbutted his shield.  Plaintiff lost 150 days of good-time

11   credits.  (Id.)  Plaintiff suffered blurred vision, headaches, bruising, and worsening PTSD and

12   other mental health symptoms.  (Id.)

13         Defendants Singh and Mendoza escorted plaintiff to the dayroom.  Defendant Mendoza

14   told plaintiff that he was going to "fuck [plaintiff] in the ass."  Defendant Singh told plaintiff that

15   Mendoza had a big dick.  (ECF No. 1 at 4.)  Defendants told the psychiatrist present to give

16   plaintiff Haldol to make him look like the aggressor.  Plaintiff was shaken and scared for his life.

17   (Id.)  Plaintiff filed a staff complaint but alleges that defendants Cueva and the FERC did not

18   refer it to the Centralized Screening Team as required by Cal. Code Regs., tit. 15, § 3486.1.  (Id.

19   at 5.)  Plaintiff requests $100,000 in damages, as well as fees and costs.

20         **DISCUSSION**

21   **I.      Claim I: Excessive Force**

22          **A. Constitution Claims**

23         The undersigned construes plaintiff's excessive force claim as arising under the Eighth

24   Amendment.  The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

25   punishment on inmates which, in excessive force cases, has been defined as "the unnecessary and

26   wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison

27   officials stand accused of using excessive physical force … the core judicial inquiry is … whether

28   force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

1 sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992).

2    For screening purposes only, the undersigned finds that plaintiff's complaint states a

3 cognizable Eighth Amendment excessive force claim against defendant Singh only. As alleged,

4 there was no need to restore discipline because plaintiff was seated and compliant when

5 defendant Singh struck him with his shield. Further, plaintiff's alleged injuries, including blurred

6 vision and headaches, support a reasonable inference that Singh used more than de minimis force.

7 However, plaintiff did not include sufficient facts to show that defendant Mendoza's handcuffing

8 was excessive. For example, the complaint does not allege any resulting hand or wrist injuries.

9    The fact that plaintiff's RVR resulted in a loss of good-time credits raises the possibility

10 that his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Edwards v. Balisok, 520

11 U.S. 641, 648 (1997) (extending Heck's "favorable termination rule" to prison disciplinary

12 proceedings resulting in loss of good-time credits). But given the complaint is silent on whether

13 the loss of credits affected the duration of plaintiff's sentence, as well as the fact that Heck is an

14 affirmative defense, see Hebrard v. Nofziger, 90 F.4th 1000, 1006 (9th Cir. 2024), the

15 undersigned will decline to address a potential Heck bar at this time. Accordingly, on screening,

16 plaintiff may proceed against defendant Singh on an Eighth Amendment excessive force claim.

17    **B. CDCR Use of Force Policy**

18    Plaintiff also alleges that defendants violated § 51020 of CDCR's Use of Force Policy.

19 However, alleged violations of CDCR's Use of Force Policy are not cognizable under § 1983.

20 See, e.g., Selsor v. Weaver, No. 1:15-cv-0918 LJO BAM PC, 2016 WL 4191882, at *4 (E.D. Cal.

21 Aug. 8, 2016), report and recommendation adopted, No. 1:15-cv-0918 LJO BAM PC, 2016 WL

22 8731329 (E.D. Cal. Sept. 16, 2016); Hughes v. Kelly, No. 1:24-cv-0660 HBK (PC), 2024 WL

23 4556762, at *4 (E.D. Cal. Oct. 23, 2024), report and recommendation adopted, No. 1:24-cv-0660

24 KES HBK (PC), 2024 WL 5125866 (E.D. Cal. Dec. 16, 2024).

25    The reasons are twofold. First, § 1983 provides a cause of action for the deprivation of

26 federally protected rights only. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir.

27 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.")

28 Second, while certain prison regulations may involve state-created liberty interests, the policy

1   cited by plaintiff does not do so.  See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir.

2   2009) (alleged failure to follow prison policy does not establish federal constitutional violation);

3   Manzanillo v. Jacquez, 555 F. App'x 651, 653 (9th Cir. 2014) (same).  Accordingly, plaintiff

4   cannot proceed on claims under CDCR's Use of Force Policy.

5   **II.      Claim II: Verbal Staff Sexual Misconduct**

6          **A.  Eighth Amendment Claim**

7          Plaintiff's second claim alleges "verbal staff sexual misconduct" by defendants Singh and

8   Mendoza, which the undersigned construes as arising under the Eighth Amendment.  (ECF No. 1

9   at 4.)  Plaintiff also alleges defendants' actions violated § 54040.1 of CDCR's Prison Rape

10   Elimination Act (PREA) Policy.  (Id.)

11          Allegations of verbal harassment do not generally state a viable claim under section 1983.

12   See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  This is true even where the

13   verbal harassment is of a sexual nature.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.

14   2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere

15   verbal sexual harassment.").  However, a claim based on verbal harassment can succeed if the

16   offending comments were "gross even for a prison setting and were calculated to and did cause

17   [plaintiff] psychological damage."  Keenan v. Hall, 83 F.3d 1083, 1092 (1996); see also

18   Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (verbal harassment intended to

19   endanger an inmate may violate the Constitution).

20          At this early stage of the proceedings, the undersigned cannot say as a matter of law that

21   defendants' alleged vulgar comments were not "gross even for a prison" and not "calculated to …

22   cause [plaintiff] psychological damage."  See Keenan, 83 F.3d at 1092.  Plaintiff alleges that

23   defendants' comments and actions worsened his PTSD and other mental health symptoms and

24   caused him to fear for his life.  Moreover, defendants' alleged request for a psychiatrist to inject

25   plaintiff with Haldol minimally supports the reasonable inference that they were aware that

26   plaintiff had mental health conditions.  Accordingly, for screening purposes only, the complaint

27   states cognizable Eighth Amendment verbal sexual harassment claims against defendants

28   Mendoza and Singh.

1          **B.  CDCR PREA Policy**

2                  However, as explained above in the context of CDCR's Use of Force Policy, plaintiff's

3     claim under CDCR's PREA Policy is not cognizable under § 1983.  See Cousins, 568 F.3d at

4     1070.  To the extent plaintiff to intended to sue under PREA itself, his claim fails because PREA

5     does not contain a private right of action on its own or through § 1983.  See McPherson v.

6     Carpenter, No. 2:25-cv-0202 DC CSK P, 2025 WL 745819, at *2 (E.D. Cal. Mar. 7, 2025), report

7     and recommendation adopted, No. 2:25-cv-0202 DC CSK (PC), 2025 WL 2590355 (E.D. Cal.

8     Sept. 8, 2025); Stevens v. Smith, No. 1:22-cv-0741 SAB PC, 2022 WL 4292289, at *3 (E.D. Cal.

9     Sept. 16, 2022), report and recommendation adopted sub nom. Smith v. Smith, No. 1:22-cv-0741

10    ADA SAB PC, 2022 WL 16850368 (E.D. Cal. Nov. 10, 2022), aff'd sub nom. Stevens v. Smith,

11    No. 22-16850, 2023 WL 6140590 (9th Cir. Sept. 20, 2023).  Accordingly, plaintiff cannot

12    proceed against defendants Mendoza or Singh under CDCR's PREA Policy or PREA itself.

13        **III.     Claim III: Mishandling of Staff Misconduct Complaint**

14                 Plaintiff's final claim alleges that Defendants Cueva and the FERC failed to properly

15    screen his staff misconduct complaint in violation of Cal. Code Regs., tit. 15, § 3486.1(c) and the

16    First, Eighth, and Fourteenth Amendments.  (ECF No. 1 at 5.)

17                 Plaintiff's claim is not cognizable under § 1983.  To the extent plaintiff seeks to enforce §

18    3486.1 itself, that alleged violation of a state regulation is not cognizable under § 1983.  See

19    Galen, 477 F.3d at 662.  Plaintiff's constitutional claims fail because "inmates lack a separate

20    constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d

21    850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also

22    Hernandez v. Cate, 918 F. Supp. 2d 987, 1009 (C.D. Cal. 2013) (dismissing plaintiff's due

23    process claim challenging the adequacy of the prison's administrative appeal procedure and the

24    disposition of his appeals); Henderson v. Muniz, 196 F. Supp. 3d 1092, 1104 (N.D. Cal. 2016)

25    ("[C]ourts have held that there is no due process liability for failing to process or decide an

26    inmate appeal properly").  Accordingly, plaintiff may not proceed on his challenge to defendants

27    ////

28    ////

1   handling of his grievance.[1]

2   **OPTIONS FROM WHICH TO CHOOSE**

3       After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

4   plaintiff has adequately stated a valid Eighth Amendment excessive force claim against defendant

5   Singh and valid Eighth Amendment sexual harassment claims against defendants Singh and

6   Mendoza.  The cognizable claims are against defendants in their respective individual capacities

7   only.  See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) ("[W]hen a plaintiff sues a

8   [state] defendant for damages, there is a presumption that he is seeking damages against the

9   defendant in his personal capacity.").

10      Here, the allegations in the complaint are not sufficient to state an Eighth Amendment

11  excessive force claim against defendant Mendoza.  It appears to the court that plaintiff may be

12  able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended

13  complaint.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must

14  be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

15  absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

16  However, plaintiff is advised that his non-cognizable claims against defendants Cueva and the

17  FERC regarding his staff misconduct complaint cannot be cured by amendment.

18      Based on the court's screening, plaintiff has a choice to make.  After selecting an option

19  from the two options listed below, plaintiff must return the attached Notice of Election form to

20  the court within thirty (30) days from the date of this order.

21      **Option No. 1:**  The first option available to plaintiff is to proceed immediately on his

22  Eighth Amendment excessive force claim against defendant Singh and his Eighth Amendment

23  sexual harassment claims against defendants Singh and Mendoza.  By choosing this option,

24  plaintiff will be agreeing to voluntarily dismiss defendants Cueva and the FERC, as well as his

25  excessive force claim against defendant Mendoza.  The court will proceed to immediately serve

26

27  [1]  The undersigned notes separately that the FERC is not a proper § 1983 defendant.  See, e.g.,
    Herrera v. Pain Management Committee at Corcoran State Prison, 2012 WL 6005379, *2 (E.D.

28  Cal. Nov. 30, 2012) (finding prison committee was not a proper defendant in a § 1983 action).

the complaint and order a response from defendants Singh and Mendoza.

**Option No. 2:**  The second option available to plaintiff is to file an amended complaint to fix the problems described above regarding the excessive for claim against defendant Mendoza. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  **Therefore, in an amended complaint, every claim and every defendant must be included.**

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's claims against defendants Cueva and the FERC, as well as his Eighth

8

Amendment excessive force claim against defendant Mendoza, do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendant Singh and his Eighth Amendment sexual harassment claims against defendants Singh and Mendoza as set forth above, or to file an amended complaint.

5.  Within thirty (30) days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Cueva and the FERC, as well as the Eighth Amendment excessive force claim against defendant Mendoza.

DATED: October 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARKKIS PORSCHE SONIER,              No.  2:24-cv-02511 SCR P

12                Plaintiff,

13        v.                              NOTICE OF ELECTION

14   M. SINGH, et al.,

15                Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim

19        against defendant Singh and his Eighth Amendment sexual harassment claims against

20        defendants Singh and Mendoza without amending the complaint.  Plaintiff understands

21        that by choosing this option, the remaining defendants and claims will be voluntarily

22        dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

23

24   _____ Plaintiff wants time to file an amended complaint.

25

26   DATED:_____

27                                        _____
                                          Markkis Porsche Sonier
28                                        Plaintiff pro se

                                          1