UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARKKIS PORSCHE SONIER,

Plaintiff,

v.

M. SINGH, et al.,

Defendants.

No.  2:24-cv-02511 SCR

ORDER

Plaintiff is incarcerated in federal prison and proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Pending before the undersigned are plaintiff's motion for leave to amend (ECF No. 22) and motion for appointment of pro bono counsel (ECF No. 16).

**MOTION FOR LEAVE TO AMEND**

Plaintiff seeks leave to amend his complaint to add claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., and the Eighth Amendment.  ECF No. 22.  Plaintiff also submitted his proposed first amended complaint ("FAC") as an attachment to his motion, which the Clerk filed on the docket.  No. 23.  Defendants do not oppose plaintiff's motion to amend but ask the Court to screen the FAC pursuant to 28 U.S.C. § 1915A.  Plaintiff did not file a reply.

Based on defendants' non-opposition, the undersigned grants plaintiff's motion for leave to amend.  Fed. R. Civ. P. 15(a)(2) (party may amend its pleading "with the opposing party's written consent or the court's leave").  The undersigned will screen plaintiff's FAC (ECF No. 23)

1

for cognizable claims under 28 U.S.C. § 1915A in due course.  By this order, the undersigned will also stay defendants' obligation to file a responsive pleading pending screening of the FAC.

### MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff has also filed a motion for appointment of pro bono counsel on account of his disabilities.  Plaintiff explains that he has an individualized education program (IEP) on file[1] and has post-traumatic stress disorder (PTSD) from the incident in his original complaint.  ECF No. 16 at 1.  Plaintiff also states that he fears retaliation from prison staff.  Id.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

---

[1]  An IEP is a "comprehensive plan" that sets out the "means by which special education and related services are 'tailored to the unique needs' of a particular child" pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq.  Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1, 580 U.S. 386, 391 (2017) (quoting Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 181 (1982)); see also 20 U.S.C. § 1401(14) ("'IEP' means a written statement for each child with a disability that is developed, reviewed, and revised in accordance with" IDEA procedures).

mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings.  See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff has not established exceptional circumstances warranting appointment of counsel under 28 U.S.C. § 1915.  It is too early in the proceeding to gauge plaintiff's likelihood of success on the merits, and plaintiff has to date demonstrated an ability to articulate his claims pro se and navigate procedural rules (as evidenced by his motion to amend).  A litigant's disabilities could warrant the appointment of counsel as an accommodation in rare cases, but here plaintiff has not explained in any detail how his disabilities impede his "meaningful access to the court."  Franco-Gonzalez, 2013 WL 3674492, at *4; see also Mark H. v. Hamamoto, 620 F.3d 1090, 1097 (9th Cir. 2010) (applying "meaningful access" standard to determine reasonable accommodation under Section 504 of the Rehabilitation Act of 1973).  Accordingly, plaintiff's motion for appointment of pro bono counsel is denied.  The denial is without prejudice to refiling at a later point in the proceeding.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 22) is GRANTED as follows:

    a. The undersigned will screen plaintiff's first amended complaint (ECF No. 23) in due course, 28 U.S.C. § 1915A; and

    b. Defendants' obligation to file a response pleading is stayed pending screening of the first amended complaint.

2. Plaintiff's motion for appointment of pro bono counsel (ECF No. 16) is DENIED without prejudice.

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3